# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIM NO. 4:04CR106(24) |
| | § | APPEAL NO. 09-40193 |
| KENNETH WAYNE MALLORY | § | |

## MEMORANDUM OPINION AND ORDER

On January 22, 2009, this court entered an order denying the Defendant's motion to reduce sentence. The Defendant submitted a *pro se* notice of appeal that is stamped as filed on February 17, 2009. The final day for filing a timely notice of appeal was February 5, 2009.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since Mallory filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on April 2, 2009 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on June 11, 2009, directing Mallory to file an affidavit with the court by July 10, 2009 explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause.

Thereafter, the court received the Defendant's explanation for the untimely filing of his notice of appeal. The Defendant states that because he is unable to adequately read and write, he relied on another inmate to timely file his notice of appeal. In so doing, the Defendant gave his

1

legal materials to the inmate. The inmate, however, was transferred to a special housing unit. Apparently, the Defendant's legal materials were placed with the inmate's materials and stored in special housing. The Defendant states that because he did not have access to his legal materials, he could not ask another inmate for assistance in drafting his notice of appeal.

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[1] However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

In light of the foregoing, the court finds that the Defendant has shown good cause for the untimely filing of his notice of appeal. The court finds that it is unlikely that the Government will suffer prejudice from the Defendant's delay in filing his notice of appeal. The Defendant, however, may be greatly prejudiced by the court's disallowance of his appeal. It is, therefore,

---

[1] Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings by forwarding a copy of this memorandum to the Fifth Circuit Court of Appeals and to the parties in this lawsuit.

IT IS SO ORDERED.

**SIGNED this the 10th day of July, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE